UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| MIRANDA STOVALL )<br>)<br>  PLAINTIFF )<br>)<br>v. )<br>)<br>JEFFERSON COUNTY BOARD OF )<br>EDUCATION, d/b/a JEFFERSON )<br>COUNTY PUBLIC SCHOOLS, et al. )<br>)<br>  DEFENDANTS ) | Case No. 3:24-cv-00336-GNS |

**SCHOOL DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

Defendants Jefferson County Board of Education d/b/a Jefferson County Public Schools ("JCBE"); Marty Pollio, in his official capacity as Superintendent of Jefferson County Public Schools; and Amanda Herzog, in her official capacity as Assistant General Counsel of Jefferson County Public Schools (collectively, "School Defendants"), by counsel, for its Answer to the Complaint for Declaratory Relief (the "Complaint") (Doc. 1) filed by Plaintiff Miranda Stovall, hereby states as follows:

1. Paragraph 1 of the Complaint contains only legal conclusions concerning the nature of this action to which no response is required. To the extent Paragraph 1 contains any factual allegations to which a response is necessary, School Defendants deny them.

2. School Defendants are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, deny them.

3. In response to Paragraph 3 of the Complaint, School Defendants state that the allegations set forth in Paragraph 3 are irrelevant to claims asserted in the Complaint and any

1

public statement confirming the allegations of Paragraph 3 might violate the Family Educational Rights and Privacy Act.

4. In response to Paragraph 4 of the Complaint, School Defendants state that the allegations set forth in Paragraph 4 are irrelevant to the claims asserted in the Complaint and any public statement confirming the allegations of Paragraph 4 might violate the Family Educational Rights and Privacy Act.

5. In response to the allegations in Paragraph 5 of the Complaint, School Defendants admit that, on multiple occasions, Plaintiff has requested documents from JCBE under the Kentucky Open Records Act. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 concerning Plaintiff's motive for those requests and, therefore, deny them.

6. In response to the allegations in Paragraph 6 of the Complaint, School Defendants state that the referenced open records requests speak for themselves. School Defendants deny all allegations and characterizations inconsistent with those written open records requests.

7. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny them.

8. In response to the allegations in Paragraph 8 of the Complaint, School Defendants admit that Plaintiff requested certain material which, upon information and belief, is subject to the copyright of Defendant NCS Pearson, Inc. d/b/a Pearson VUE ("Pearson") or one of its affiliates. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 concerning Plaintiff's alleged intention to make future open records requests and, therefore, deny them.

9. In response to the allegations in Paragraph 9 of the Complaint, School Defendants state that the referenced responses to Plaintiff's open records requests speak for themselves. School Defendants deny all allegations and characterizations inconsistent with those written responses to Plaintiff's open records requests.

10. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny them.

11. In response to the allegations in Paragraph 11 of the Complaint, School Defendants state that the referenced open records requests speak for themselves. School Defendants deny all allegations and characterizations inconsistent with those written open records requests.

12. In response to the allegations in Paragraph 12 of the Complaint, School Defendants state that the referenced responses to Plaintiff's open records requests speak for themselves. School Defendants deny all allegations and characterizations inconsistent with those written responses to Plaintiff's open records requests.

13. Paragraph 13 of the Complaint contains only legal conclusions to which no response is required. To the extent Paragraph 13 contains any factual allegations to which a response is necessary, School Defendants deny them.

14. Paragraph 14 of the Complaint contains only legal conclusions concerning the nature of the relief sought in this action to which no response is required. To the extent Paragraph 14 contains any factual allegations to which a response is necessary, School Defendants deny them.

15. In response to Paragraph 15 of the Complaint, School Defendants state that the allegations set forth in Paragraph 15 concerning school attendance are irrelevant to the claims asserted in the Complaint and any public statement confirming these allegations of Paragraph 15

might violate the Family Educational Rights and Privacy Act. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, deny them.

16. School Defendants admit the allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, School Defendants admit that Dr. Marty Pollio is the Superintendent of Jefferson County Public Schools and an employee of JCBE. School Defendants deny all remaining allegations in Paragraph 17, including any implication that Dr. Pollio was involved in the denial of Plaintiff's open records request.

18. In response to the allegations in Paragraph 18 of the Complaint, School Defendants admit that Amanda Herzog is an Assistant General Counsel of Jefferson County Public Schools and an employee of JCBE. School Defendants further admit that, as part of her job duties, Ms. Herzog responds to open records requests, including Plaintiff's open records request at issue in this action. School Defendants deny all other allegations in Paragraph 18.

19. In response to the allegations in Paragraph 19 of the Complaint, School Defendants admit, upon information and belief, that Pearson or one of its affiliates holds the copyright for the material sought by Plaintiff's open records request. School Defendants further admit that Plaintiff's open records request was denied or limited consistent with the exceptions contained in the Kentucky Open Records Act. School Defendants deny all other allegations in Paragraph 19.

20. Paragraph 20 of the Complaint contains only legal conclusions concerning the nature of this action to which no response is required. To the extent Paragraph 20 contains any factual allegations to which a response is necessary, School Defendants deny them.

21. Paragraph 21 of the Complaint contains only legal conclusions concerning the jurisdiction of this Court to which no response is required. To the extent Paragraph 21 contains any factual allegations to which a response is necessary, School Defendants deny them.

22. Paragraph 22 of the Complaint contains only legal conclusions concerning the legal authority of this Court to which no response is required. To the extent Paragraph 22 contains any factual allegations to which a response is necessary, School Defendants deny them.

23. Paragraph 23 of the Complaint contains only legal conclusions concerning the propriety of venue in this Court to which no response is required. To the extent Paragraph 23 contains any factual allegations to which a response is necessary, School Defendants deny them.

24. Paragraph 24 of the Complaint contains only legal conclusions concerning the jurisdiction of this Court to which no response is required. To the extent Paragraph 24 contains any factual allegations to which a response is necessary, School Defendants deny them.

25. Paragraph 25 of the Complaint contains only legal conclusions concerning the jurisdiction of this Court to which no response is required. To the extent Paragraph 25 contains any factual allegations to which a response is necessary, School Defendants deny them.

26. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny them.

27. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny them.

28. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny them.

29. In response to the allegations in Paragraph 29 of the Complaint, School Defendants state that the referenced open records request speaks for itself. School Defendants deny all allegations and characterizations inconsistent with that written open records request.

30. In response to the allegations in Paragraph 30 of the Complaint, School Defendants state that the referenced response to Plaintiff's open records request speaks for itself. School Defendants deny all allegations and characterizations inconsistent with that written response to Plaintiff's open records request.

31. In response to the allegations in Paragraph 31 of the Complaint, School Defendants state that the referenced response to Plaintiff's open records request speaks for itself. School Defendants deny all allegations and characterizations inconsistent with that written response to Plaintiff's open records request.

32. In response to the allegations in Paragraph 32 of the Complaint, School Defendants admit that, as part of her job duties, Ms. Herzog responds to open records requests, including Plaintiff's open records request at issue in this action. School Defendants deny all other allegations in Paragraph 32.

33. In response to the allegations in Paragraph 33 of the Complaint, School Defendants admit that JCBE offered to allow Plaintiff to inspect, but not copy, the certain material sought by the open records request at issue in this action. School Defendants deny all other allegations in Paragraph 33.

34. School Defendants deny the allegations in Paragraph 34 of the Complaint.

35. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny them.

36. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny them.

37. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, deny them.

38. School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, deny them.

39. School Defendants deny the allegations in Paragraph 39 of the Complaint.

40. School Defendants deny the allegations in Paragraph 40 of the Complaint.

41. School Defendants deny the allegations in Paragraph 41 of the Complaint.

42. In response to the allegations in Paragraph 42 of the Complaint, School Defendants incorporate by reference their responses to each and every foregoing paragraph as if fully set forth herein.

43. School Defendants deny the allegations in Paragraph 43 of the Complaint.

44. School Defendants deny the allegations in Paragraph 44 of the Complaint.

45. School Defendants deny the allegations in Paragraph 45 of the Complaint.

46. School Defendants deny the allegations in Paragraph 46 of the Complaint.

47. School Defendants deny any and all allegations not expressly admitted in this Answer to the Complaint.

48. Insofar as the Complaint's prayer for relief contains allegations that must be admitted or denied, School Defendants deny them.

## **AFFIRMATIVE DEFENSES**

School Defendants hereby asserts the following affirmative defenses:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims fail, in whole or in part, because her open records request seeks the disclosure of records beyond the scope of the Kentucky Open Records Act.

**Third Defense**

Plaintiff's claims fail, in whole or in part, because any records withheld by School Defendants in response to Plaintiff's open records request fall within an exception to the Kentucky Open Records Act, including, but not limited to, KRS 61.878(1)(k).

**Fourth Defense**

Plaintiff's claims fail, in whole or in part, because her any records withheld by School Defendants in response to Plaintiff's open records request are protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

**Fifth Defense**

Plaintiff's claims fail, in whole or in part, because this Court lacks subject matter jurisdiction.

**Sixth Defense**

Plaintiff's claims fail, in whole or in part, because this Court is an improper venue for this action.

**Seventh Defense**

Plaintiff's claims fail, in whole or in part, based on sovereign or governmental immunity.

School Defendants give notice that they intend to rely on affirmative defenses that become available or apparent during and throughout these proceedings, and thus it reserves the right to

supplement this Answer, file further pleadings, and assert additional defenses as supported by the evidence.

WHEREFORE, School Defendants demand as follows:

    A.    Judgment dismissing the claims asserted in the Complaint with prejudice;

    B.    That Plaintiff is granted no relief on her Complaint;

    C.    School Defendants' costs and reasonable attorneys' fees incurred herein;

and

    D.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sean G. Williamson
C. Tyson Gorman
Sean G. Williamson
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky  40202
502.589.5235
tgorman@wyattfirm.com
swilliamson@wyattfirm.com

**Counsel for Defendants Jefferson County Board of Education, Dr. Marty Pollio, and Amanda Herzog**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2024, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all counsel of record.

                                                */s/ Sean G. Williamson*
                                                Sean G. Williamson

101647359.1