UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| MIRANDA STOVALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON COUNTY BOARD OF | ) | |
| EDUCATION, d/b/a JEFFERSON | ) | |
| COUNTY PUBLIC SCHOOLS, | ) | |
| | ) | |
| MARTY POLLIO, in his official capacity as | ) | CASE NO. 3:24-CV-336-GNS |
| Superintendent of Jefferson County Public | ) | |
| Schools, | ) | *Electronically Filed* |
| | ) | |
| AMANDA HERZOG, in her official | ) | |
| capacity as Assistant General Counsel to | ) | |
| Jefferson County Public Schools, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NCS Pearson, Inc., a Minnesota corporation, | ) | |
| d/b/a Pearson VUE, | ) | |
| | ) | |
| | ) | |

**DEFENDANT NCS PEARSON, INC.'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), Defendant NCS Pearson, Inc. ("Pearson") moves to dismiss Plaintiff Miranda Stovall's ("Plaintiff") Complaint in its entirety for lack of subject-matter jurisdiction.

**INTRODUCTION**

Pearson is a global leader in the development of research-based instruments, including tests and surveys, that are used by educational institutions and professionals worldwide.[1]   Jefferson

---

[1] *See* https://www.pearsonassessments.com/footer/about.html.

1

County Public Schools ("JCPS") is one of Pearson's many public-school clients.  Plaintiff is a Jefferson County resident, mother, and political activist.  In January of 2023, Plaintiff submitted a request to JCPS under the Kentucky Open Records Act for a copy of one of Pearson's "surveys" that JCPS "planned to administer to [Plaintiff's child." (Compl. ¶¶ 11–12).  JCPS partially denied Plaintiff's request pursuant to KRS 61.878(1)(k), which exempts from disclosure "public records or information the disclosure of which is prohibited by federal law or regulation or state law[.]"  The "federal law or regulation", *see* KRS 61.878(1)(k), cited by JCPS was allegedly based upon Pearson's copyright protection in Pearson's materials.  (*See* Compl. ¶ 31).

That is, this is a Kentucky state-law dispute between a Kentucky resident (Plaintiff) and a Kentucky agency (JCPS).  Its resolution requires construction of at least one exception to the Open Records Act, KRS 61.878(1)(k), and probably several more, which also preclude the public disclosure of Pearson's proprietary intellectual property.  *See, e.g.*, KRS 61.878(1)(a), (1)(b), (1)(c)1, (1)(c)2, (1)(g).  And under the Act itself, jurisdiction to resolve this dispute is afforded only to the Kentucky Attorney General and/or a Kentucky Circuit Court.  *See* KRS 61.880; 61.882.

The Court should dismiss this state-law case under Rule 12(b)(1), for several reasons.

First, there is no federal question because there is no federal question.  Plaintiff refers to federal doctrines and rules that she alleges entitle her to a copy of the survey, such as copyright fair use and protected speech.  But the mere background presence of federal law lurking within a state-law exception to a state-law Open Records Act does not create federal jurisdiction.  Otherwise, any person aggrieved by a similar denial of a request for public records could simply ignore the Kentucky-law process for appealing Open Records Act decisions and file suit directly in federal court, citing a right to free speech.

Further, there is no ripe claim arising under federal law.  The parties are not presently in any dispute about copyright or Plaintiff's First Amendment rights, notwithstanding Plaintiff's allegations of "fair use," "infringement", and "protected speech."  Certainly, the hypothetical possibility exists that one day, the parties might end up in a dispute over whether Pearson's copyright precludes Plaintiff from republishing Pearson's surveys.  But that would first require an adjudication of whether Plaintiff is even entitled to the surveys under the Kentucky Open Records Act.  Until those hypothetical contingencies are resolved there is no ripe claim for this Court to review.

Finally, even if there was a federal question and even if there was a ripe claim, the circumstances of this case weigh against discretionary review of Plaintiff's declaratory judgment claim.  Kentucky—not federal—law governs whether a particular document in the possession of a Kentucky agency is a "public record".  The Kentucky Attorney General and Kentucky courts are statutorily vested with the authority to resolve this question.  Overwhelming federal precedent holds that the U.S. District Courts should exercise their discretion to decline to issue declaratory judgments in predominantly state-law disputes like this one.

Thus, for these reasons and as further described below, Pearson requests that this Court dismiss this action without prejudice, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction.

## STATEMENT OF FACTS

Plaintiff alleges that she is the co-founder of a national "parental rights" organization and mother of children who have attended and are attending Jefferson County Public Schools.  (Compl. ¶ 2, DN 1).  Plaintiff routinely submits requests for records to JCPS through Kentucky's Open Records Act, KRS 61.870 *et seq*. (*Id.* ¶ 5).  Plaintiff allegedly uses the documents that she receives

to engage in "public discussion, criticism, comments, and news reporting" and to "educat[e] parents to advocate for their children." (*Id.* ¶¶ 2, 28).

In January of 2023, Plaintiff learned that JCPS planned to administer a mental-health survey to middle-school and high-school students. (*Id.* ¶ 27). On January 17, she sent JCPS an open-records request for a "full digital copy" of each survey. (*Id.* ¶ 29). The surveys included the "BESS Social and Emotional Screener," "Mental Health Screener," and "Screener Questionnaire." (*Id.*). Pearson clinicians helped prepare these documents, and Pearson considers them to be trade-secret and copyright-protected material that should be used only by clinical professionals in clinical/ educational settings. (*Id.* ¶ 8).[2] Therefore, Pearson takes significant steps to ensure that its screeners and questionnaires are utilized only for their intended purposes and are not publicly disseminated.[3] The observance of these confidentiality terms is a requirement that Pearson imposes on all of its partners, including JCPS.

Commonwealth residents such as Plaintiff "have the right to inspect public records." KRS 61.872(2)(a). However, Kentucky law establishes categories of records that "are excluded from" disclosure. KRS 61.878(1)(a)–(s). Among other exceptions, a public agency is not required to produce records or information "the disclosure of which is prohibited by federal law . . . ." KRS 61.878(1)(k).[4] Relying on this exception, Amanda Herzog, the assistant general counsel of JCPS, denied Plaintiff's request for copies of Pearson's surveys. (Compl. ¶ 31). Ms. Herzog stated:

> We are not able to provide you with this record. This screener is the copyrighted intellectual property of Pearson. KRS 61.878(1)(k) prohibits from disclosure "All public records or information the disclosure of which is prohibited by federal law or regulation[.]" Under this law, we are not able to provide you with copies of copyrighted materials.

---

[2] *See also* https://www.pearsonassessments.com/footer/permissions---licensing.html;
https://www.pearsonassessments.com/footer/legal-policies.html#copyright_fair_use.
[3] *See id.* ("Test materials … may not be displayed, reproduced, or performed … in any manner, electronically or otherwise, including posting on any mass media site … without the prior written permission of Pearson.").
[4] As noted above, other potentially relevant exceptions include KRS 61.878(1)(a), (1)(b), (1)(c)1, (1)(c)2, and (1)(g).

(*Id.* ¶ 31).

JCPS offered to allow Plaintiff to inspect the documents in person and report on the information that way. (*Id.* ¶ 33). But Plaintiff refused this inspection offer. (*Id.* ¶¶ 35–36). And instead of following the administrative appeal process set forth under KRS 61.880 & 61.882, Plaintiff filed this federal lawsuit under the Copyright Act against JCPS; JCPS's Superintendent, Marty Pollio; Ms. Herzog (collectively, "JCPS Defendants"); and Pearson. (Compl. ¶ 20, DN 1-1)

Plaintiff asserts "that providing copies of the surveys in response to a public records request for non-commercial purposes like parental participation in the school system, criticism, comment, and news reporting is fair use of the copyrighted material and thus non-infringing." (*Id.* ¶ 14). Plaintiff states that her "injury is caused by Defendant JCPS's refusal to provide copies" and that she believes her injury "would be remedied by a declaratory judgment that providing her with copies of the survey is fair use and thus not an infringement of Defendant Pearson's copyright." (*Id.* ¶¶ 40–41). She asserts—on behalf of not only herself, but JCPS and Pearson—that there is a "real and actual controversy" among the parties about "whether Defendant JCPS's provision of the requested surveys to Mrs. Stovall would infringe Defendant Pearson's copyright." (*Id.* ¶ 43).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for "lack of subject-matter jurisdiction." When the motion "attack[s] the claim of jurisdiction on its face," as it does here, "all allegations of the plaintiff must be considered as true[.]" *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted). However, "[w]here subject matter jurisdiction is challenged pursuant to [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch &*

*St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Powell v. Shelton*, 386 F. Supp. 3d 842, 846 (W.D. Ky. 2019).  Once the court determines that it lacks subject-matter jurisdiction, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  And the Court must dismiss the action "without addressing the merits."  *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012).

**ARGUMENT**

The Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) for three separate and independently sufficient reasons.  First, the Court lacks subject-matter jurisdiction to decide whether Pearson's copyright is a valid basis for JCPS to withhold Pearson's survey under an exception to the Kentucky Open Records Act.  Second, Plaintiff's purported "fair use" and First Amendment rights to republish and publicly discuss Pearson's surveys are unripe for review.  And third, the Court should exercise its discretion and decline to entertain this declaratory-judgment action because Plaintiff's own requested declaration would not necessarily resolve her dispute. Further, state law obviously predominates over any tertiary issues of copyright asserted by Plaintiff.

**I.      Plaintiff's Declaratory-Judgment Arises under Kentucky Law, Not Federal Law**.

A request for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), must present "an independent basis for federal subject matter jurisdiction."  *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007).  Here, that independent basis is patently lacking. Plaintiff brought this action to appeal JCPS's denial of her open-records request.  Despite her allegations concerning the Copyright Act, Plaintiff acknowledges that her "injur[y]" is not liability under the Copyright Act but "the denial of her request for copies of the survey" under the Kentucky Open Records Act.  (Compl. ¶ 39).  Plaintiff ultimately seeks a declaration that JCPS's disclosure

6

of Pearson's survey would not be "prohibited by federal law," as provided in KRS 61.878(1)(k). (*See* Compl. ¶ 43, pg. 7, A).

Thus, Plaintiff brought this lawsuit to enforce a *state*-law right to inspect records in the custody of a *state* agency.  A federal declaratory-judgment action is not an option for challenging a state agency's decision to withhold records that may or may not be "public records" under a state statute.  Rather, the Kentucky Open Records Act establishes the exclusive process for appealing JCPS's denial of Plaintiff's open-records request.  Under the statute, Plaintiff has only two options: appeal to the Attorney General or the circuit court.  KRS 61.880(5)(a)–(b); 61.882(1)–(2).  There is no provision in the Act for a U.S. District Court to review the decision of a JCPS official who partially denied a Kentucky resident's request under Kentucky's Open Records Act.

Plaintiff's legal theory seems to be that, because KRS 61.878(1)(k) references federal law, and because JCPS cited federal copyright as a basis for withholding the surveys, these background federal issues somehow create a federal question.  But they do not.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where state law "create[s] the cause of action," a plaintiff may only satisfy this rule when federal law is a "necessary element of one of the well-pleaded state law claims."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983).

Here, federal law is not a "necessary element" of Plaintiff's collateral challenge to a Kentucky agency's denial of her Kentucky-law request for public records.  *See* KRS 61.878(1)(k). Rather, Plaintiff's collateral challenge is based on the Open Records Act, a state law, and a particular exception to public access contained in that statute.  At most, the exemption to disclosure set forth in KRS 61.878(1)(k) can be analogized to a federal ***defense*** to a state-law claim, but

7

federal courts do not have federal-question jurisdiction in cases where "the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation marks and citation omitted).

This rule applies equally in the context of copyright, patent, or other federal intellectual property defenses to state-law claims. "[A]n action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." *Severe Records, LLC v. Rich*, 658 F.3d 571, 581 (6th Cir. 2011); *see also RDI of Michigan, LLC v. Merit Indus., Inc.*, No. 11-13866, 2012 WL 13009105, at *2 (E.D. Mich. Jan. 12, 2012) ("The possible existence of a defense under the Copyright Act does not convert Plaintiff's state law claims into federal questions.").

The Eastern District of Kentucky's decision in *Courier-J., Inc. v. Cabinet for Health & Fam. Servs.*, No. CIV.A. 3:11-09-DCR, 2011 WL 2173921, at *4 (E.D. Ky. June 1, 2011) is instructive. There, a state agency removed an Open Records Act lawsuit to federal court, asserting that a federal law (the Child Abuse Prevention and Treatment Act, or CAPTA) supplied the underlying substantive basis for its denial of a request for public records. The Eastern District noted, however, that the requesting party's "discussion of CAPTA ***can best be characterized as anticipating a defense that the Cabinet may assert***[.]" *Id.* at *3–4 (emphasis added). "[A] claim which gives rise to a federal defense does not … raise a substantial question of federal law[.]" *Id.*

Similarly, the Third Circuit in *Board of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80, 81 (3d Cir. 2006) affirmed a district court's dismissal of a collateral attack on a public records request for lack of jurisdiction. In *Chosen Freeholders,* a county board requested a federal declaration that copyright law preempted a request for public records. The

Third Circuit held that there was no subject-matter jurisdiction over the case, because "[f]ederal copyright law is not an essential element of [the state open records] claim." *Id.* at 82. Rather, "[t]he Board's exclusive rights under copyright law arise only as a defense to Tombs' claim." *Id.* And "[t]he Board cannot invoke federal jurisdiction by asserting its federal copyright as a defense against Mr. Tombs' OPRA claim." *Id.*

Here, similarly, Plaintiff's discussion of copyright issues can only be characterized as anticipating and attempting to rebut a defense or justification that JCPS (or Pearson) might raise in an administrative or judicial appeal of JCPS's denial. Federal copyright law did not create JCPS's obligation to respond to Plaintiff's request for public records, nor does it supply any basis for the appeal of JCPS's denial. Plaintiff's claim therefore arises under state, not federal, law, and the Court lacks subject-matter jurisdiction.

## II.   Plaintiff's Fair-Use Declaratory-Judgment Action is Unripe.

Plaintiff's request for a declaratory judgment in federal court is also unripe. The doctrine of ripeness restricts judicial review to cases where the petitioner's injury is "certainly impending." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 399 (6th Cir. 2001) (citation omitted). That is, the action must "concern a dispute that is likely to come to pass." *OverDrive Inc. v. Open E-Book F.*, 986 F.3d 954, 957–58 (6th Cir. 2021) (cleaned up). A declaratory judgment may not, however, "advis[e] what the law would be upon a hypothetical state of facts." *Id.* at 127 (citation omitted). Where a declaratory judgment is unripe, the Court lacks subject-matter jurisdiction. *Doe v. Oberlin Coll.*, 60 F.4th 345, 355 (6th Cir. 2023).

Here, Plaintiff requests a declaration that her receipt of Pearson's surveys would not violate Pearson's copyright because either her intended use, or JCPS's disclosure (or perhaps both), of Pearson's surveys would constitute "fair use" under the Copyright Act, 17 U.S.C. § 107. (*E.g.,*

Compl. ¶ 41).  But as already noted, "fair use is an affirmative defense" to a copyright-infringement claim.  *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 590 (1994).  When a petitioner seeks a declaratory judgment on an affirmative defense, she must show there is an "actual controversy," 28 U.S.C. § 2201(a), which requires showing that her defense is "ripe" for judicial review. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 n. 7 (2007).

   Plaintiff's claim is unripe for the simple and obvious reason that no one has even threatened to sue Plaintiff for infringing on Pearson's copyright.  JCPS's mere reliance on Pearson's copyright to deny Plaintiff's Open Records Act request does not empower Plaintiff to file a declaratory-judgement action challenging that reliance.  *See, e.g. State of Tex. v. W. Pub. Co.*, 681 F. Supp. 1228, 1231 (W.D. Tex. 1988), *aff'd*, 882 F.2d 171 (5th Cir. 1989) ("[T]he fact that someone claims a copyright in certain material does not, standing alone, create a right to challenge it and thereby create a justiciable controversy.").

   That is, Plaintiff is essentially asking this Court to issue an advisory opinion on the viability of a hypothetical "fair use" defense that she would raise if, hypothetically, JCPS produced Pearson's surveys to Plaintiff, Plaintiff published those surveys, and Pearson or some other party sued or threatened to sue Plaintiff for infringement.  (*See* Compl. ¶ 43).  But these are exactly "the kinds of contingencies and speculation that obstruct federal judicial review." *OverDrive Inc.*, 986 F.3d at 958 (cleaned up).

   Unless there is an actual threat of liability for publishing and disseminating Pearson's materials, the viability of Plaintiff's hypothetical fair use defense is not ripe for review.  It is for this very reason that federal courts routinely decline to declare the rights of a party who wishes to republish copyrighted material in the absence of a live case or controversy over that right.  *See, e.g.*, *Handshoe v. Perret*, 270 F. Supp. 3d 915, 932–33 (S.D. Miss. 2017) ("Plaintiff requests . . .

that the Court resolve in his favor a potential [fair-use] affirmative defense t*o any future copyright infringement litigation brought against him personally by Defendants*.  This is not sufficient to establish that the request for declaratory relief . . . is justiciable[.]" (emphasis added)).[5]

Absent facts suggesting that she is subject to any threat of copyright-infringement liability, Plaintiff's fair-use declaratory-judgment action is unripe.  Plaintiff's injury is entirely "dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 131 (2020) (citation omitted).  As Plaintiff's declaratory-judgment action is unripe, the Court again lacks subject-matter jurisdiction.[6]  This action should be dismissed.

### III.   The Court Also Should Exercise Discretion Not to Entertain Jurisdiction Over Plaintiff's Declaratory-Judgment Action.

Jurisdiction under the Declaratory Judgment Act is discretionary, "not mandatory." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004).  The Act confers on the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  And the exercise of discretion is "conditioned upon statutory requirement and adjudicated principles." *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949).  So while a court rarely contravenes the Declaratory Judgment Act by *declining* jurisdiction, *Cardinal Health, Inc. v. Nat'l*

---

[5] *See also Jones v. Glad Music Publ'g & Recording LP*, 535 F. Supp. 4d 723, 733 (M.D. Tenn. 2021) ("[T]he Defendants have not threatened the plaintiffs with [infringement] litigation [.]"); *Hayden v. 2K Games, Inc.*, 375 F. Supp. 3d 823, 829–30 (N.D. Ohio 2019) ("Take-Two has not asserted copyright claims against Hayden….. Hayden's claim for Declaratory Judgment is accordingly dismissed due to the absence of an actual 'case or controversy' as required by statute and Article III."); *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1085 (N.D. Cal. 2012) ("Amaretto faces no serious prospect of copyright infringement liability regarding the '661 Copyright, and so it lacks standing to seek a declaratory judgment that its virtual horses do not infringe that copyright.").

[6] Pearson, however, acknowledges that federal subject-matter jurisdiction would exist for any actual copyright litigation between Pearson and Plaintiff, and Pearson reserves the right to invoke federal jurisdiction in the (unlikely) event that such a dispute arises in the future.  However, at this point, there is no such dispute and not even a threat of such a dispute, and so the Court lacks subject-matter jurisdiction.

*Union Fire Ins. Co. of Pittsburgh, PA*, 29 F.4th 792, 801 (6th Cir. 2022), the Court may do so by improperly *accepting* jurisdiction. *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004).

When determining whether jurisdiction is proper, the Court considers the *Grand Trunk* factors:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The relative weight of each factor "will depend on facts of the case." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

Here, even if there was subject-matter jurisdiction over a ripe claim (and there is not), the Court should still decline to issue a declaration of rights in this case.

i.      *Factors One and Two: Settling the Controversy and Clarifying the Legal Relations.*

The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk W.R. Co.*, 746 F.2d at 326. The court generally considers these two factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008).

These two factors weigh against exercising jurisdiction because Plaintiff's requested declaration would not resolve her public records dispute with JCPS. There are multiple exemptions to disclosure that might apply to Pearson's surveys, and most have no relation

12

whatsoever to federal law. *See, e.g.*, KRS 61.878(1)(a), (1)(b), (1)(c)1, (1)(c)2, (1)(g).[7]  Thus, even if this Court decided that Plaintiff has a viable "fair use" defense to Pearson's hypothetical copyright-infringement claim, this would not vitiate JCPS's ability to withhold the surveys under other state law-based Open Records Act exemptions.  Under these circumstances, the first two *Grand Trunk* factors weigh against accepting jurisdiction.

    ii.    *Factor three: Procedural fencing or a Race for Res Judicata.*

Under the third factor, the Court considers "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata." *Grand Trunk W. R. Co.*, 746 F.2d at 326 (cleaned up).  This factor "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *Scottsdale Ins. Co.*, 513 F.3d at 558 (citation omitted).

It appears in this case that Plaintiff brought this action to acquire a federal judgment concerning Pearson's copyright solely to preclude JCPS from relying on KRS 61.878(1)(k)'s exception in Kentucky court.  Plaintiff's attempt to invalidate JCPS's exemption to an Open Records Act request (and adjudicate Pearson's copyrights in route) contravenes the Declaratory Judgment Act's purpose of "efficiency, fairness, and federalism." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014); *e.g.*, 10B Fed. Prac. & Proc. Civ. § 2758 (4th ed.) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to

---

[7] Even though JCPS did not cite these exemptions, they can still be considered by Kentucky courts or the Attorney General as alternative justifications for the denial. *See Univ. of Ky. v. Kernel Press, Inc.*, 620 S.W.3d 43, 56 (Ky. 2021) ("Although not cited in its initial April 11, 2016 response to The Kernel's second ORA request, the University eventually relied primarily on FERPA, 20 U.S.C. § 1232g, to defend its refusal to disclose the Harwood Investigative File.").

federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." (collecting cases)).

By filing this action, Plaintiff is essentially attempting to avoid the Open Records Act's appeal process and bind either the Kentucky Attorney General or a Kentucky court by this Court's judgment; the third factor therefore weighs against jurisdiction.

iii.    *Factor Four: Friction Between Federal and State Courts.*

Under the fourth factor, the Court asks, "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction[.]" *Grand Trunk W. R. Co.*, 746 F.2d at 326.  This factor looks at whether "the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action," "which court, federal or state, is in a better position to resolve the issues in the declaratory action," and "whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Scottsdale Ins. Co.*, 513 F.3d at 560–61.  Here, this factor weighs entirely against exercising jurisdiction.

As a general matter, "Kentucky courts are in the better position to apply and interpret its law," including the Kentucky Open Records Act. *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) (applying *Grand Trunk*'s fourth factor).  Indeed, the Act itself provides two avenues for review of a denial of inspection, one with the Kentucky Attorney General, KRS 61.880, and another with the Kentucky Circuit Courts, KRS 61.882.  And both the Attorney General and Kentucky Circuit Courts are far more experienced than federal courts in evaluating the contours of specific exemptions.  In fact, the Attorney General routinely resolves disputes over whether the disclosure of a particular record is "prohibited by federal law," including federal copyright law.  *E.g.*, Ky. Op. Att'y Gen. 19-ORD-144 (2019) ("DOC does not

14

own the KyRAS, but only uses the assessment tool subject to an agreement recognizing the existence of copyright protection. Accordingly, LLCC properly withheld the KyRAS assessment tool.").

But more importantly, Plaintiff's action would "increase friction between our federal and state courts" if not "encroach upon state jurisdiction." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). By asking this Court to declare Plaintiff's entitlement to public records, she is effectively asking the Court to tell Kentucky public agencies and officials how to interpret and apply Kentucky law. Such an outcome is highly disfavored. *See id.* ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

Kentucky federal courts routinely reject this type of indirect request to enforce the Kentucky Open Records Act due to the federal court's lack of authority to require Kentucky agencies to disclose public records. *See, e.g., Rogers v. Ezell*, No. 518CV00091TBRLLK, 2019 WL 1262752, at *2 (W.D. Ky. Mar. 19, 2019) (declining to compel a state agency to produce nonparty discovery under the Open Records Act, because the Act "authorizes Kentucky circuit courts, not federal district courts, to enforce actions regarding open records requests"); *Wombles v. Cabinet for Health and Family Services*, 2008 WL 4443019, at *3 (E.D. Ky. 2008) (declining request for an injunction requiring agency to produce public records, because "[f]ederal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law").

For these reasons, the fourth *Grand Trunk* factor weighs entirely against exercising jurisdiction.

iv.     *Factor Five: An Alternative Remedy.*

Under the final *Grand Trunk* factor, the Court must determine "whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R. Co.*, 746 F.2d at 326. There certainly is.   Kentucky has not only established an "adequate" remedy for vindicating a citizen's right to public records, but it has also established the *only* remedy.   *See* KRS 61.880; 61.882.  The Kentucky Open Records Act "authorizes Kentucky circuit courts, not federal district courts, to enforce actions regarding open records requests." *Rogers*, 2019 WL 1262752, at *2 (citing KRS 61.882(1))).

"'[I]f an alternative remedy is better or more effective,' the district court should decline to exercise jurisdiction." *Encompass Indem. Co. v. Gray*, 434 F. Supp. 3d 560, 575 (W.D. Ky. 2020). Here, there is not only a better and more effective remedy—there is a mandatory process of state administrative and judicial review that Plaintiff has simply opted not to follow.

Plaintiff attempts to justify this tactical decision by assuming that neither the Attorney General nor Kentucky Circuit Courts could adequately decide whether JCPS appropriately invoked KRS 61.878's exemption to public disclosure.  But there is no presumption that "alternate remedies available in state court would not adequately protect [the petitioner's] interests." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 816 (6th Cir. 2004).   And this must be especially true where, as here, the relevant state authorities routinely apply this very exemption.  *See* Ky. Op. Att'y Gen. 19-ORD-144 (2019).

Plaintiff argues that her fair-use defense would negate JCPS's reliance on KRS 61.878(1)(k).   Yet the question of whether a fair use of public records will negate KRS 61.878(1)(k)'s exception for disclosures that are "prohibited by federal law" has already been addressed by the Kentucky Attorney General.  *See, e.g.,* Ky. Op. Att'y Gen. 19-ORD-144 (2019).

And other state courts have concluded that copyright ownership satisfies similar public-records exceptions *because of* the federal judiciary's exclusive jurisdiction over copyright litigation. *See, e.g.*, *Nat'l Council for Tchrs. Quality, Inc. v. Curators of Univ. of Mo.*, 446 S.W.3d 723, 730 (Mo. Ct. App. 2014); *Pictometry Int'l Corp. v. Freedom of Info. Comm'n*, 59 A.3d 172, 192 (Conn. 2013); *Ali v. Philadelphia City Plan. Comm'n*, 125 A.3d 92, 104–05 (Pa. Commw. Ct. 2015). This is an issue that state authorities can—and do—resolve.

In short, Plaintiff cannot create federal subject-matter jurisdiction by assuming that her public records request should be granted because Plaintiff would have a viable fair use defense to a hypothetical claim that Pearson might bring against her under the Copyright Act. Hypotheticals and contingencies like these cannot supply federal jurisdiction, and that is particularly true in a case that clearly arises under state law.

## CONCLUSION

The Court lacks subject-matter jurisdiction over this declaratory-judgment action. Plaintiff's fair-use declaratory-judgment action does not arise under federal law and is unripe. The Court should also exercise discretion not to entertain this action because Plaintiff's requested declaration will not necessarily resolve her open-records request. The Court should dismiss this action.[8]

/s/ Cory J. Skolnick
Cory J.  Skolnick
Samuel W. Wardle
J. Austin Hatfield
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087

---

[8] Plaintiff passingly refers to the First Amendment to the United States Constitution in her request for a declaratory judgment,. (Compl. ¶ 46). However, for all the reasons discussed above, any background First Amendment issues cannot give rise to a ripe dispute involving a federal question.

cskolnick@fbtlaw.com
swardle@fbtlaw.com
ahatfield@fbtlaw.com

*Counsel for Defendant,*
*NCS Pearson, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on July 29, 2024, a true and correct copy of the foregoing was filed through the Court's CM/ECF filing system, which will serve a copy on all parties registered to receive service.

*/s/ Cory J. Skolnick*
*Counsel for NCS Pearson, Inc.*

0157896.0790549   4853-7804-4116v5