UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| MIRANDA STOVALL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON COUNTY BOARD OF EDUCATION, d/b/a JEFFERSON COUNTY PUBLIC SCHOOLS, | ) ) ) ) |
| MARTY POLLIO, in his official capacity as Superintendent of Jefferson County Public Schools, | ) ) ) ) |
| AMANDA HERZOG, in her official capacity as Assistant General Counsel to Jefferson County Public Schools, | ) ) ) ) |
| and | ) ) |
| NCS Pearson, Inc., a Minnesota corporation, d/b/a Pearson VUE, | ) ) ) ) |

CASE NO. 3:24-CV-336-GNS

*Electronically Filed*

## DEFENDANT NCS PEARSON, INC.'S REPLY

Defendant, NCS Pearson, Inc. submits this reply in support of its Motion to Dismiss Plaintiff Miranda Stovall's Complaint.

### INTRODUCTION

Plaintiff's Complaint does not present a ripe dispute or federal question. Plaintiff seeks a declaration on whether JCPS would violate the Kentucky Open Records Act by withholding a document in response to a Kentucky resident's request for public records. This is a state-law issue involving a Kentucky agency and Kentucky resident, and it is subject to a mandatory state-law

1

appellate process before Kentucky courts and/or administrative agencies. This is not a federal case.

Plaintiff contends that her Complaint requires the Court to apply the Copyright Act's fair-use defense, and thus supplies a basis for federal jurisdiction. But to the extent any fair use issue was implicated by Plaintiff's public records request, there is no ripe federal claim because there is no current copyright dispute between any of the parties. Indeed, Plaintiff acknowledges that her "declaration would only pertain to *JCPS's* liability *if* it provided the surveys to [Plaintiff]." (Pl.'s Resp. 3–4, DN 14 (emphasis added)). Plaintiff is explicitly asking this Court for an advisory opinion on the merits of a hypothetical defense that JCPS might raise in a hypothetical future lawsuit. That is not an imminent injury, and it is not ripe for judicial review.

Plaintiff argues that her lawsuit is ripe because JCPS has already denied her open-records request. (*Id*. at 12). But this "ripe claim" is actually a dispute between Plaintiff and JCPS over whether the Kentucky Open Records Act entitles Plaintiff to receive copies of certain records held by JCPS. That is a state-law issue, not a federal question. And it makes no difference that JCPS denied Plaintiff's request in reliance on Pearson's copyright and KRS 61.878(1)(k), which exempts records whose disclosure "is prohibited by federal law[.]" As the Eastern District of Kentucky held in a similar case, KRS 61.878(1)(k)'s "federal law" exemption is "best classified as a defense" to a claim under the Open Records Act, and it is well-established that federal defenses to state-law claims do not create a federal question. *Courier-Journal, Inc. v. Cabinet for Health & Fam. Servs.*, No. CIV.A. 3:11-09-DCR, 2011 WL 2173921, at *3 (E.D. Ky. June 1, 2011); *accord Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006).

**ARGUMENT**

**I.   There is no ripe Copyright Act dispute involving Plaintiff, Pearson, and/or JCPS.**

Plaintiff does not dispute that there is no imminent risk of copyright-infringement litigation between Plaintiff and Pearson. Indeed, Plaintiff candidly agrees that there is no such dispute. (*Id.* at 4 ("This case does not seek to litigate Mrs. Stovall's hypothetical future liability should she receive the surveys and redistribute them.")). Thus, there is no ripe dispute, and the Complaint should be dismissed for this reason alone. *See, e.g., MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 n. 7 (2007) (a declaration requires an "actual controversy" and imminent injury).

Plaintiff, however, asserts that there is a ripe dispute over the potential liability of *JCPS* to Pearson for copyright infringement. (Pl.'s Resp. at 7). She acknowledges that her "requested declaration would not prevent Pearson from bringing a copyright infringement action against [Plaintiff] if it wanted to," but instead "from bringing a copyright infringement action against JCPS, *the party who could otherwise be liable absent a declaratory judgment*." (*Id.* at 13 (emphasis added)).

Plaintiff is attempting to revise her own Complaint in real time. In the Complaint, Plaintiff clearly explained that she brought this litigation to confirm that it was a "fair use" of Pearson's surveys for *Plaintiff* (not JCPS) to engage in "parental participation in the school system, criticism, comment, and news reporting", etc. (Compl. ¶ 14). Plaintiff wants to "speak about [Pearson's surveys] to the public for purposes of criticism, comment, educational reform, and news reporting[.]" (*Id.* ¶ 35). Plaintiff did not file this declaratory judgment action out of some altruistic motive to protect JCPS from copyright-infringement liability. It is clearly *Plaintiff*'s proposed use of the surveys that is at issue here, not JCPS's. *E.g., Dep't of Homeland Sec. v. New York*, 140 S.

Ct. 599, 600 (2020) (J. Gorsuch, concurring) ("Equitable remedies, like remedies in general, are meant to redress the injuries sustained by a particular plaintiff in a particular lawsuit.").

No lawsuit between Pearson and JCPS exists. Pearson has not threatened any such litigation against JCPS. There is not even a hint of a dispute referenced in the Complaint (nor is there one in reality). This is especially notable given that JCPS offered to allow Plaintiff to review Pearson's surveys in person and talk about what she saw on her podcast. (Compl. ¶¶ 35–39). Yet again, Plaintiff's declaratory-judgment action does not "concern a dispute" with Pearson "that is likely to come to pass." *OverDrive Inc. v. Open E-Book F.*, 986 F.3d 954, 957–58 (6th Cir. 2021) (citations omitted).

Certainly, there could be a ripe dispute in the future if (1) JCPS provided Plaintiff with Pearson's surveys, (2) Plaintiff then republished the surveys in a manner that violated Pearson's copyright, and (3) Pearson chose to sue Plaintiff for copyright infringement. But none of those things have happened. Nor does Plaintiff explain how they are imminent—because they are not. For this reason, Plaintiff's action is unripe, and the Court should dismiss the Complaint. An "unripe claim[] raise[s] a jurisdictional issue, meaning that 'federal courts lack subject matter jurisdiction and the complaint must be dismissed.'" *Doe v. Oberlin Coll.*, 60 F.4th 345, 355 (6th Cir. 2023) (citation omitted).

## II.      If Plaintiff's Declaration is Ripe, Her Complaint Arises Under Kentucky Law.

Plaintiff characterizes her Complaint as posing "a single question: [u]nder the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, is a state agency prohibited from disclosing copyrighted surveys in response to an open records request from a concerned citizen?" (Pl.'s Resp. 2). That question, however, concedes that Plaintiff's case is an appeal of a state agency's denial of a state resident's request for public records under Kentucky's Open Records Act. By statute, Plaintiff's Open

Records Act appeal must be adjudicated by a Kentucky Circuit Court judge and/or the Kentucky Attorney General. Plaintiff cannot establish jurisdiction simply by "go[ing] to federal court to begin [the] federal-law defense before the state court begins the case under state law." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952).

Plaintiff asserts that federal law "creates [a] cause of action through the cooperation of the Declaratory Judgment Act and the Copyright [Act]." (Pl.'s Resp. 6 n.2). But "the operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). A declaration is only a remedy. 28 U.S.C.A. § 2201 (entitled "Creation of remedy"). As a result, a complaint requesting a declaratory judgment must still present "an independent basis for federal subject matter jurisdiction" under the well-pleaded complaint rule. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). No independent basis for federal jurisdiction exists over Plaintiff's Kentucky Open Records Act appeal.

Plaintiff contends that her "claim" arises "under'[] the Copyright Act[.]" (Pl.'s Resp. 6 n.2). But Plaintiff's "claim," to the extent that she has one, is a Kentucky-law statutory appeal of a public records denial. And while there certainly are background federal-law issues implicated in the statutory exemption for records "the disclosure of which is prohibited by federal law[,]" *see* KRS 61.878(1)(k), those background federal issues do not supply an independent basis for jurisdiction in federal court. There is no jurisdiction in cases where "the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law." *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009).

This is true even where the background federal issue is the federal Copyright Act. "[A]n action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." *Severe Records, LLC v. Rich,* 658 F.3d 571, 581 (6th Cir. 2011).

5

For this very reason, the Kentucky Attorney General routinely construes the "prohibited by federal law" exemption to the Open Records Act in cases involving requests for copyrighted materials in the custody of Kentucky agencies. *See* Ky. Op. Att'y Gen. 19-ORD-144 (2019).

The Eastern District of Kentucky has held that a federal justification for denying a request for public records does not create federal jurisdiction over the appeal of that denial, *see Courier-Journal, Inc. v. Cabinet for Health & Fam. Servs.*, No. CIV.A. 3:11-09-DCR, 2011 WL 2173921, at *3 (E.D. Ky. June 1, 2011), as has the Third Circuit Court of Appeals, *see Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006). Plaintiff attempts to distinguish these authorities, but they are in fact directly on point:

- Plaintiff contends that *Courier-Journal, Inc.* involved CAPTA, a federal statute without a statutory cause of action. That is true, but irrelevant. The *Courier-Journal* court specifically held that a federal law cited by a state agency as a basis for withholding records under KRS 61.878(1)(k)'s exemption "is best classified as a defense." 2011 WL 2173921 at *4. Thus, "any assertions regarding [the federal law] in the [requester's] complaint merely anticipate defenses, they are not a part of the plaintiffs' well-pleaded claims[,]" and they cannot supply the foundation for a federal question. *Id.* (citation, quotations omitted).

- Similarly, Plaintiff contends that *Tombs* is inapposite because, in Plaintiff's view, that decision examined the "coercive actions" available to a citizen facing a denial of an open records request. (Pl.'s Resp. 10). Plaintiff is over-complicating a simple issue. *Tombs* held that there was no federal question presented in a dispute between a public agency and a citizen over whether copyright protections applied to topographical maps commissioned by a public agency. The Third Circuit simply held that "[f]ederal copyright law is not an essential element of [the state open records] claim," and thus, there was no federal jurisdiction. 215 F. App'x 80, 82 (3d Cir. 2006).

Here, as in *Courier-Journal* and *Tombs*, there is no federal jurisdiction over a state open records act dispute, despite the federal-law exemption set forth in KRS 61.878(1)(k). Just like in *Tombs*, that federal exemption "can best be characterized as anticipating a defense" to Plaintiff's Open Records Act claim. 2011 WL 2173921, at *3. And an anticipated federal defense to a state-law claim is not an independent basis for federal jurisdiction under longstanding law.

6

### III. The Court Should Exercise Discretion to Decline Jurisdiction.

Moreover, each of the five *Grand Trunk* factors weighs against accepting jurisdiction. *Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Perhaps most importantly, Plaintiff's declaration would neither "settle the controversy" nor "serve a useful purpose in clarifying the legal relations in issue." *Id.* at 326. Plaintiff states that she wants to resolve the "disagreement between the parties . . . about JCPS's application of federal copyright law." (Pl.'s Resp. 5). But she admits that even with a declaration in her favor, JCPS could still "respond to her request as it sees fit," *i.e.*, still potentially deny her request based on *other* exemptions under the Open Records Act. (*Id.* at 19). The Court should reject Plaintiff's request to issue an advisory declaration that would not even resolve the full dispute between Plaintiff and JCPS. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 760 (6th Cir. 2014) ("A district court would be wise to decline jurisdiction if . . . the sought-after declaration would somehow be frivolous or purely advisory.").

Elsewhere, in a lengthy footnote, Plaintiff argues that this Court could dispense full relief because the scope of an Open Records Act appeal would be strictly limited to Plaintiff's initial request and JCPS's initial stated rationale for denying that request (i.e., the "prohibited by federal law" exemption in KRS 61.878(1)(k)). (*See* Pl.'s Resp. at 15–16 n.4). Plaintiff's sidebar simply demonstrates that this is a state-law matter, as it raises procedural arguments that could only be resolved by the Kentucky Attorney General and/or Kentucky courts. And in any case, Plaintiff is incorrect. If Plaintiff followed Kentucky law and pursued a statutory appeal of JCPS's denial, Pearson *could* intervene and both Pearson and JCPS *could* argue other exemptions, beyond KRS 61.878(1)(k). *See Edmondson v. Alig*, 926 S.W.2d 856, 859 (Ky. App. 1996); *Lawson v. Off. of*

*Atty. Gen.*, 415 S.W.3d 59, 66 (Ky. 2013). Thus, Plaintiff's declaration is not guaranteed to "settle the controversy." (*See* Mot. Dismiss 13 n.7).

Plaintiff claims her Complaint is not intended for "procedural fencing" or a "race for res judicata" because she has not filed a "pending state case." (Pl.'s Resp. 14). But the Sixth Circuit has rejected adopting such a "per se rule." *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 F.4th 792, 797 (6th Cir. 2022). "Procedural fencing," rather, "has come to encompass a range of tactics that courts regard as unfair or unseemly." *Hoey*, 773 F.3d at 761. Those disfavored "tactics" include using the federal declaratory judgment statute as a mechanism to avoid Kentucky courts. *See, e.g.,* 10B Fed. Prac. & Proc. Civ. § 2758 (4th ed.) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court[.]").

Plaintiff also argues that the Open Records Act does not provide her an adequate remedy "because copyright law is exclusively within the jurisdiction of federal courts." (Pl.'s Resp. at 19–20). But the Open Records Act provides not only a remedy, but the exclusive remedy, for a person aggrieved by a state agency's denial of a request for public records. KRS 61.880(5)(a), (b); 61.882(1),(2). "[T]he statute authorizes Kentucky circuit courts, not federal district courts, to enforce actions regarding open records requests." *Rogers v. Ezell*, No. 518CV00091TBRLLK, 2019 WL 1262752, at *2 (W.D. Ky. Mar. 19, 2019).

Indeed, as noted in Pearson's Motion, the Kentucky Attorney General has specifically enforced KRS 61.878(1)(k)'s exception for disclosures that are "prohibited by federal law," including copyright law. *See* Ky. Op. Att'y Gen. 19-ORD-144 (2019). Plaintiff claims that this order of the Attorney General is irrelevant because it "contain[s] zero instances of the phrase [fair use]". (Resp. Br. at 20). But this order simply establishes that Plaintiff has an adequate remedy

8

under state law because Kentucky officials can, and do, decide whether the disclosure of records is "prohibited by federal law," including federal copyright law. And, to the extent that Plaintiff is contending that the Kentucky Attorney General can *never* address a fair use argument in the context of KRS 61.878(1)(k), she is incorrect. *See* Ky. Op. Att'y Gen. 09-ORD-079 (2009) ("The fact that Mr. Furman may intend to make 'fair use' of InterQual once he obtains a copy does not give the Cabinet any right to distribute copies to him.").

Plaintiff posits that state courts have held they have no jurisdiction to rule on "fair use." (Pl.'s Resp. at 20). That is true, but irrelevant to the question of whether Plaintiff has an adequate remedy under state law. "A person's "use" of a copyrighted work is separate and distinct from how he acquires a copy of the work in the first place." *See* Ky. Op. Att'y Gen. 09-ORD-079 (2009). That is, "fair use" could not even become an issue unless or until a Kentucky judge or authorized public official determined that Plaintiff was entitled to Pearson's surveys under the Open Records Act, Plaintiff obtained those surveys, and Pearson sued Plaintiff for infringement. *See, e.g.*, *National Council for Teachers Quality, Inc. v. Curators of University of Missouri*, 446 S.W.3d 723, 730 (Mo. App. W.D., 2014) ("[A]s a practical matter, the fair use doctrine does not work in the context of Sunshine Law requests"). None of that has occurred. The issue here is whether Plaintiff is entitled to the surveys under Kentucky law, and that question must be answered by a Kentucky court or the Kentucky Attorney General.

Plaintiff seeks to minimize her intrusion on state sovereignty by contending that she "is not asking this Court to order JCPS to do anything" (Pl.'s Resp. at 19). This statement is difficult to square with the allegations in Plaintiff's Complaint, in which Plaintiff repeatedly states that she is requesting an order from this Court deeming JCPS to have improperly withheld records under KRS 61.878. (*See, e.g.*, Compl. ¶ 1). The fact is, if this Court grants Plaintiff the relief she seeks,

then this Court will be telling JCPS, the Attorney General, and Kentucky courts how to interpret KRS 61.878(1)(k). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

## CONCLUSION

For the reasons explained above and in Pearson's Motion to Dismiss, the Court should grant Pearson's Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

/s/ Cory J. Skolnick
Cory J. Skolnick
Samuel W. Wardle
J. Austin Hatfield
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087
cskolnick@fbtlaw.com
swardle@fbtlaw.com
ahatfield@fbtlaw.com

*Counsel for Defendant,
NCS Pearson, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on September 3, 2024, a true and correct copy of the foregoing was filed through the Court's CM/ECF filing system, which will serve a copy on all parties registered to receive service.

*/s/ Cory J. Skolnick*
*Counsel for NCS Pearson, Inc.*

0157896.0790549   4853-6087-3438v5