UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00336-RGJ

**MIRANDA STOVALL**                                                                                                   **PLAINTIFF**

**VS.**

**JEFFERSON COUNTY BOARD**
**OF EDUCATION, et al.**                                                        **DEFENDANTS**

**ORDER**

Before the Court is the Parties' Joint Motion to Stay Discovery. (DN 20). The Parties request that discovery be stayed pending resolution of Defendant NCS Pearson Inc.'s Motion to Dismiss for Lack of Jurisdiction (DN 12).

Trial courts "have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Id.* (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). However, a pending "garden-variety" Rule 12(b)(6) motion to dismiss is generally insufficient to justify a stay in discovery. *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010).

The dispositive motion here is not a "garden-variety 12(b)(6) motion," undeserving of a stay. *See Estate of Pressma v. ITM TwentyFirst Servs. LLC,* 2022 WL 2158358, at *2 (W.D. Ky. June 15, 2022) (citing *Williamson*, 2010 WL 546349, at *1; *Lani v. Schiller Kessler & Gomez,*

*PLLC,* No. 3:16-CV-00819-GNS, 2017 WL 3092098 (W.D. Ky. Apr. 4, 2017)). Defendant NCS argues that Plaintiff's complaint must be dismissed in its entirety for a lack of subject-matter jurisdiction. (DN 12). Specifically, Defendant NCS argues Plaintiff's declaratory-judgment action does not arise under federal law and is unripe. (*Id.*). If the Court grants Defendant NCS' jurisdictional challenge, complete dismissal of the action will be required. The Parties agree that no discovery is needed in order to resolve the subject-matter jurisdiction issue and agree that a stay would further end ends of economy and efficiency for the Court and the Parties.

Given the procedural posture of the case, the Court finds a stay in discovery is warranted.

**IT IS THEREFORE ORDERED** as follows:

(1) The Parties' Joint Motion to Stay Discovery (DN 20) is **GRANTED.** All deadlines under Fed. R. Civ. P. 16 and 26 are **STAYED** pending the Court's ruling on Defendant NCS' Motion to Dismiss.

(2) The Rule 16 Conference scheduled for December 2, 2024 is **REMANDED** from the Court's docket.

(3) If the Court denies Defendant NCS' Motion to Dismiss, the Parties shall promptly contact the undersigned's case manager, Ashley Henry (Ashley_henry@kywd.uscourts.gov) to reschedule the Rule 16 conference.

Copies:   Counsel of Record