UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MIRANDA STOVALL                                                    Plaintiff

v.                                                       Civil Action No. 3:24-cv-336

JEFFERSON COUNTY BOARD OF EDUCATION, ET AL.                  Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant NCS Pearson, Inc. ("Pearson") moves to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). [DE 12]. Plaintiff Miranda Stovall ("Stovall") responded [DE 14], and Pearson replied [DE 15]. This matter is ripe. For the reasons below, Pearson's motion to dismiss [DE 12] is **GRANTED**.[1]

**I.    BACKGROUND**

In January 2023, Stovall learned that Jefferson County Public Schools ("JCPS") planned to administer a mental health survey to students in grades six through twelve. [DE 1 at 4]. Stovall's child is currently enrolled at a JCPS high school. [*Id.*]. Stovall filed an Open Record Act request to JCPS on January 17, 2023, asking JCPS to "provide a full digital copy of the 'BESS Social and Emotional Screener' or 'Mental Health Screener' or 'Screener Questionnaire' to be given in 6-12 grades during school." [*Id.* at 5]. Her intent was to "encourage[s] public discussion, criticism, comments, and news reporting about its contents." [*Id.*].

According to Stovall, Assistant General Counsel to JCPS, Amanda Herzog ("Herzog"), responded, denying Stovall's Open Records Act request because the screener "is the copyrighted

---

[1] Although the other defendants did not move to dismiss, for the reasons below the Court's lack of subject matter jurisdiction requires dismissal of the entire action.

1

intellectual property of Pearson" and "KRS 61.878(1)(k) prohibits from disclosure '[a]ll public records or information the disclosure of which is prohibited by federal law or regulation[.]' [thus,] we are not able to provide you with copies of copyrighted material." [*Id*.]. Yet Pearson asserts, and Stovall acknowledges, that JCPS only partially denied Stovall's request because JCPS would permit Stovall to "inspect" the copy in person but would not send her a physical or virtual copy. [DE 12 at 58; DE 1 at 5].

As a result, Stovall filed this declaratory action in federal court again JCPS, Pearson, Herzog, and JCPS Superintendent Marty Polio ("Polio") (collectively "Defendants"). [DE 1]. Stovall asserts that she "is entitled to judgment declaring that Defendant JCPS providing the surveys to her is fair use that does not infringe on Defendant Pearson's copyright." [*Id*. at 7]. Stovall requests that this Court "[e]nter a declaratory judgment that the provision of copyrighted material pursuant to a public records request for non-commercial purposes as in this case, is a non-infringing fair use." [*Id*.]. In response, Pearson moved to dismiss, arguing that this Court "should dismiss [Stovall's] Complaint under Rule 12(b)(1)" because (1) the Court lacks subject-matter jurisdiction to decide Stovall's declaratory action, (2) Stovall's "fair use" and First Amendment rights to republish and publicly discuss Pearson's surveys arguments are unripe for review, and (3) if the other two arguments fail, the Court should exercise its discretion and decline to entertain this declaratory-judgment action. [DE 12 at 59].

## II.  DISCUSSION

1. **Federal Question Jurisdiction**

    a. Standard

Federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

2

(1994). "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USCS § 1331.

To determine whether federal jurisdiction exists, courts rely on the well pleaded complaint rule. Whether a claim arises under federal law, turns on the well-pleaded allegations of the complaint and ignores potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

"In cases in which the plaintiff seeks a declaratory judgment that he would have a valid defense to an anticipated claim, we consider whether a federal question would arise in a hypothetical non-declaratory suit in which the declaratory-judgment defendant is the plaintiff and the declaratory-judgment plaintiff is the defendant." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (citations omitted). "It is well settled that [a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "Federal-question jurisdiction is not present even if the [federal] defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983)).

In other words, as stated in *Chase Bank USA, N.A. v. City of Cleveland*, 735 F. Supp. 2d 773, 778 (N.D. Ohio 2010):

> The answer [that an anticipated defense cannot create jurisdiction] is the same if the defendant acts first and brings a declaratory judgment action in federal court seeking a declaration that its federal defense trumps the plaintiff's state law claim.

3

> Although the defendant has thereby become the plaintiff and ostensibly has pleaded a claim that is federal, there is still no federal jurisdiction.

(quoting *Penobscot Nation v. Georgia-Pac. Corp.*, 106 F. Supp. 2d 81, 82 (D. Me. 2000), *aff'd on other grounds,* 254 F.3d 317 (1st Cir. 2001)); *see also Vaden v. Discover Bank*, 556 U.S. 49 n.19 (2009) (quoting 10BWright & Miller § 2758, pp. 519-521) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state court to a federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action.").

      b. <u>Analysis</u>

Stovall seeks a declaratory judgment from this Court, "that the provision of copyrighted material pursuant to a public records request for non-commercial purposes . . . is a non-infringing fair use." [DE 1 at 7]. Pearson argues that Stovall's action lacks subject matter jurisdiction because her claim "can only be characterized as anticipating and attempting to rebut a defense or justification that JCPS (or Pearson) might raise in an administrative or judicial appeal of JCPS's denial." [DE 12 at 62]. In response, Stovall asserts that "[t]his case presents a federal question because the disagreement between the parties is about JCPS's application of federal copyright law." [DE 14 at 5].

Generally, when a party disagrees with the outcome of an open records request, "[t]he Kentucky Open Records Act provides for an adjudicatory process where an individual who receives an unsatisfactory response to an open records request may appeal to the Attorney General." *Taylor v. Maxson*, 483 S.W.3d 852, 857 (Ky. App. 2016). The Attorney General then issues an opinion, "which if not appealed to the circuit court, has the 'force and effect of law and shall be enforceable in the Circuit Court of the county where the public agency has its principal

place of business or the Circuit Court of the county where the public record is maintained.'" *Id*. (quoting KRS 61.880(5)(b)).

Here, the crux of Stovall's action is that if JCPS "had not withheld the survey due to its copyright status, Mrs. Stovall would have been entitled to copies of it under KRS § 61.874(1)." [DE 1 at 5]. In other words, Stovall wants access to a copy of the survey that was given to her child, and she is petitioning this Court to find that JCPS's potential defense in the appeals process is not a violation of the Copyright Act. Thus, Stovall is attempting to bypass a state court action, by anticipating Defendants' defense in the potential state court proceeding which would commence if she were to appeal JCPS's decision.

However, "[t]he Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state court to a federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." *Vaden*, 556 U.S. at n.19. And that is exactly what Stovall is attempting to do here, as she is merely anticipating a defense that otherwise could be presented in a state action. *See id.* Moreover, she is asking this Court to find the defense without merit to end run the filing of a state court action. Under the case law, this is not enough to raise federal question jurisdiction in declaratory actions. *See*, e.g., *Vaden v. Discover Bank*, 556 U.S. at n.19; *Chase*, 735 F. Supp. 2d at 778.

Therefore, this Court lacks subject matter jurisdiction in this case and Pearson's Motion to Dismiss [DE 12] is **GRANTED**.

2. **Discretion**

Even if this Court had subject matter jurisdiction over this declaratory action, it would decline to exercise it. It is "well-settled that district courts have discretion 'in determining

5

whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'" *Acuity v. Jade Enterprises*, No. CIV.A. 13-409-KSF, 2014 WL 345411, at *1 (E.D. Ky. Jan. 30, 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). A court considers five factors to determine whether to exercise this discretion:

> (1) [W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (quoting *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). The weight of the factors depends on "underlying considerations of efficiency, fairness, and federalism" considering the facts of the case. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

Here, all five factors favor declining to exercise jurisdiction. *See Grand Trunk*, 746 F.2d at 326. First, this action would not settle the controversy as Stovall would still not have her own copy of the survey once this action concluded because conclusion of this action would not give Stovall a copy of the survey, and Stovall would still need to file an open records appeal in Kentucky state court to receive one. *See id.* (The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue" and the inquiries by these two factors often overlap substantially). Second, Stovall's declaratory remedy is merely "procedural fencing" as she is attempting to get a favorable decision in federal court prior to filing an open records appeal in Kentucky state court. *See id.* Third, this declaratory action would

6

increase friction with the Kentucky state court and improperly encroach on state jurisdiction, because although disguised as a federal question, Stovall's action is an attempt to bypass a state court open records appeal. *See id.* And finally, the state court appeals process is more effective alternative remedy for Stovall to appeal her open records decision. *See id.*

Thus, even if the Court did have subject matter jurisdiction to hear this case, the Court would exercise its discretion and decline to entertain this declaratory-judgment action.

## CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED**:

(1) Pearson's Motion to Dismiss [DE 12] is **GRANTED**.

(2) A separate judgment will be entered by the Court.

March 18, 2025

Rebecca Grady Jennings, District Judge
United States District Court